**352**

Philip FEARS et al., Plaintiffs,

v.

Alice BARNES et al., Defendants.

Civ. No. 28469.

United States District Court
N. D. Ohio, E. D.

June 9, 1954.

J. L. Newman, Cleveland, Ohio, for plaintiffs.

Parker, Shackelford, Dixon & Gunn, Cleveland, Ohio, for defendants.

JONES, Chief Judge.

Upon consideration of the facts and the law in this case, the conclusion has been reached that the plaintiffs are entitled to recover overcharges illegally exacted from them by the defendant landlord and the defendant Barnes, as the persons receiving payment.

The court has been required to accept the proofs of the plaintiffs as to the amounts paid by them for the rental of their respective suites, as the more probable truth, since it was unable to find in the defendants' evidence any effective refutation of the plaintiffs' testimony.

While the amendment relied upon by the defendants as justifying the rental charges might, in some circumstances, apply so as to establish the rental maximum, it is not clear that it may be applicable in the circumstances of this case.

Under my view of the rental laws the landlord would be required to apply to the area rent director or expeditor for any change of classification of the accommodations from unfurnished to furnished apartments. The evidence as to whether the accommodations were furnished or unfurnished was somewhat confusing as well as conflicting. Had the defendants obtained the right to a furnished maximum, there would have been less difficulty in now resisting these plaintiffs' claims.

It is my judgment that overcharges in the following amounts may be recovered for the year next preceding the filing of the complaint:

| | |
|---|---|
| Philip Fears | $363.67 |
| Marshall Freeman | 419.66 |
| Irving Chatman | 345.50 |
| John Simmons | 333.84 |

Since there was no satisfactory evidence of wilfulness involved in the overcharges, no additional damages and no attorneys' fees will be allowed.

Judgment may be entered accordingly.